# EXHIBIT A

CERTIFIED MAIL

7022 0410 0003 1770 9683

RECEIVED
AMTRAK
JAN 11 2023
ELEANOR D. ACHESON
EXECUTIVE VICE PRESIDENT,
CHIEF LEGAL OFFICER,
GENERAL COUNSEL & CORPORATE SECRETARY

FIRST-CLASS

US POSTAGE
ZIP 19073
02 7H
00060011

Simon and Simon, PC
18 Campus Blvd, Suite 100
Newtown Square, PA 19073

National Railroad Passenger Corporation
d/b/a AMTRAK
1 Massachusetts Ave., NW
Washington, DC 20001



Marc I. Simon, Esquire ♦
Michelle Stalski-Simon, Esquire (Retired)
Joshua A. Rosen, Esquire ~
Matthew J. Zamites, Esquire ~
Brian F. George, Esquire ♦♦
Michael K. Simon, Esquire ~
Mary G. McCarthy, Esquire ~
Joshua D. Baer, Esquire ~
Amanda Nese, Esquire ~
Ashley Henkle, Esquire ~
Brittany Sturges, Esquire ~
Daniel Ward, Esquire ♦
Carleigh Baldwin, Esquire ♦♦
Reenan Galas, Esquire ♦
Ryan Flaherty, Esquire ~
Brandon Keffer, Esquire ~
Sarkis Drampetchian, Esquire ~

~ Licensed in PA
♦ Licensed to practice in PA & NJ
♦♦ Licensed to practice in PA & MA
♦♦♦ Licensed to practice in PA & NY
♦♦♦♦ Licensed to practice in PA, NJ & NY
◻ Licensed to practice in PA & OH
↔ Licensed to practice in NJ
↔ Licensed to practice in MA
↔↔ Licensed to practice in NY
↔↔↔ Licensed to practice in NJ & NY

Kane Daly, Esquire ~
Anthony Canale, Esquire ♦
Kelly Peterson, Esquire ♦
Harry Gosnear, Esquire ♦
Christopher Green, Esquire ♦
Adam Holtman, Esquire ↔↔
Andrew Baron, Esquire ~
Charles Williams, Esquire ♦
Christopher Burnazos, Esquire ♦
Jessica Thimons, Esquire ~
Sam Reznik, Esquire ~
Mackenzie Bince, Esquire ↔↔

**SIMON & SIMON, PC**
—— INJURY LAWYERS ——

Headquarters

18 Campus Blvd. | Suite 100
Newtown Square, PA 19073
Tel: (215) 467-4666 | Fax: (267) 639-9006

marcsimon@gosimon.com
www.gosimon.com

January 4, 2023

**Via Cert Mail**
National Railroad Passenger Corporation d/b/a AMTRAK
1 Massachusetts Ave., NW
Washington, DC 20001

     RE:  Lawsuit Filed Against You

Dear Sir/Madam:

     Please find enclosed a Complaint and Discovery Requests. Please turn this matter over to your insurance carrier.

                         Very truly yours,

                         **SIMON & SIMON, PC**
                         /s
                         MARC I. SIMON

ADDITIONAL OFFICES
PHILADELPHIA | 2 Logan Square | Suite 500 | Philadelphia, PA 19103 | Tel: (215) 467-4666
NEW JERSEY | 401 Market Street | PO Box 807 | Camden, NJ 08101 | Tel: (856) 457-6393
PITTSBURGH | 500 Grant Street | Suite 2900 | Pittsburgh, PA 15219 | Tel: (412) 360-7257
ERIE | 1001 State Street | Suite 1400 | Erie, PA 16501 | Tel: (814) 240-5190
BOSTON | 114 State Street | 4th Floor | Boston, MA 02109 | Tel: (857) 233-0559
NEW YORK | 5 Penn Plaza | 19th Floor | Manhattan, NY 10001 | Tel: (212) 235-1060
CINCINNATI | PNC Center | 201 E. Fifth Street | Suite 1900 | Cincinnati OH 45202 | Tel: (513) 898-8930
COLUMBUS | Galleria at PNC Plaza | 20 S. Third Street | Suite 210 | Columbus, OH 43215 | Tel: (614) 754-6602
CLEVELAND | 600 Superior Ave East | Fifth Third Building, Suite 1300 | Cleveland, OH 44114 | Tel: (216) 201-9307
YOUNGSTOWN | 11 Central Square West | Youngstown, OH 44503 | Tel: (330) 259-1466

## Court of Common Pleas of Philadelphia County
### Trial Division
# Civil Cover Sheet

**For Prothonotary Use Only (Docket Number)**
DECEMBER 2022
E-Filing Number: 2212055414
**002574**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| DIONNA BROOKS | DANIEL STEVENS |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 3133 EUCLID AVE<br>PHILADELPHIA PA 19121 | 2833 W 10TH ST.<br>CHESTER PA 19013 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
|  | NATIONAL RAILROAD PASSENGER CORPORATION, ALIAS: D/B/A AMTRAK |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
|  | 1 MASSACHUSETTS AVE., NW<br>WASHINGTON DC 20001 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 2 | [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal<br>[ ] Writ of Summons  [ ] Transfer From Other Jurisdictions |

**AMOUNT IN CONTROVERSY**
[ ] $50,000.00 or less
[X] More than $50,000.00

**COURT PROGRAMS**
[ ] Arbitration    [ ] Mass Tort       [ ] Commerce          [ ] Settlement
[ ] Jury           [ ] Savings Action  [ ] Minor Court Appeal [ ] Minors
[X] Non-Jury       [ ] Petition        [ ] Statutory Appeals  [ ] W/D/Survival
[ ] Other:

**CASE TYPE AND CODE**
2V - MOTOR VEHICLE ACCIDENT

**STATUTORY BASIS FOR CAUSE OF ACTION**

**RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)**

FILED
PRO PROTHY
DEC 29 2022
C. PERRY

**IS CASE SUBJECT TO COORDINATION ORDER?**  YES  NO

### TO THE PROTHONOTARY:
Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: DIONNA BROOKS
Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| MARC I. SIMON | SIMON & SIMON PC<br>18 CAMPUS BLVD<br>SUITE 100<br>NEWTOWN SQUARE PA 19073 |
| PHONE NUMBER: (215)467-4666 | FAX NUMBER: (267)639-9006 |
| SUPREME COURT IDENTIFICATION NO.: 201798 | E-MAIL ADDRESS: CourtFilingsPHL2@gosimon.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY: MARC SIMON | DATE SUBMITTED: Thursday, December 29, 2022, 11:38 am |

FINAL COPY (Approved by the Prothonotary Clerk)

THIS IS NOT AN ARBITRATION COMPLAINT
AN ASSESSMENT OF DAMAGES HEARING
IS REQUIRED

Filed and Attested by the
Office of Judicial Records
29 DEC 2022 11:38 am
C. PERRY

**SIMON & SIMON, P.C.**
BY: Marc I. Simon, Esquire
    Joshua A. Rosen, Esquire
    Matthew J. Zamites, Esquire
    Brian F. George, Esquire
    Andrew Baron, Esquire
    Joshua Baer, Esquire
    Michael K. Simon, Esquire
    Sam Reznik, Esquire
    Mary G. McCarthy, Esquire
    Harry Gosnear, Esquire
    Daniel Ward, Esquire

Christopher Green, Esquire
Kane Daly, Esquire
Brittany Sturges, Esquire
Matthew Dobson, Esquire
Kelly Peterson, Esquire
Roman Galas, Esquire
Christopher Burruezo, Esquire
Anthony Canale, Esquire
Sam Gangemi, Esquire
Blaise Richards, Esquire
Abigail Boyd, Esquire
Ari Sliffman, Esquire

Attorney ID No.'s:
*201798*

*Attorneys for Plaintiff*

18 Campus Blvd., Suite 100
Newtown Square, PA 19073
(215-467-4666)

| | |
|---|---|
| Dionna Brooks<br>3133 Euclid Ave<br>Philadelphia, PA 19121<br>                Plaintiff<br>v.<br><br>Daniel Stevens<br>2833 W 10th St.<br>Chester, PA 19013<br>                And<br><br>National Railroad Passenger<br>Corporation d/b/a AMTRAK<br>1 Massachusetts Ave., NW<br>Washington, DC 20001<br>                Defendants | IN THE COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>December Term 2022 |

Case ID: 221202574

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by Ms. Olson. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene viente (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparecencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. | LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. |
| **PHILADELPHIA BAR ASSOCIATION LAWYER REFERRAL AND INFORMATION SERVICE** One Reading Center Philadelphia Pennsylvania 19107 Telephone: (215) 238-6300 | **ASOCIACIÓN DE LICENCIADOS DE FILADELFIA SERVICIO DE REFERENCIA E INFORMACIÓN LEGAL** One Reading Center Filadelfia, Pennsylvania 19107 Teléfono: (215) 238-6300 |

Case ID: 221202574

## COMPLAINT

1. Plaintiff, Dionna Brooks, is a resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2. Upon information and belief, Defendant, Daniel Stevens is a resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

3. Defendant, National Railroad Passenger Corporation d/b/a AMTRAK, is a business entity registered to do business in the Commonwealth of Pennsylvania, with a business address listed in the caption of this Complaint.

4. On or about July 17, 2021, at or about 8:00PM, Plaintiff, Dionna Brooks, was the operator of a motor vehicle traveling at or near the intersection of North 22nd Street and West Sedgley Avenue in Philadelphia, PA 19132.

5. At or about the same date and time, Defendant, Daniel Stevens, was the operator of a motor vehicle, which was owned by Defendant, National Railroad Passenger Corporation d/b/a AMTRAK, which was traveling at or near the aforesaid intersection and/or location of Plaintiffs' vehicle.

6. At or about the same date and time, Defendant's vehicle was involved in a motor vehicle collision strike Plaintiff's vehicle.

7. At all times relevant hereto, upon information and belief, Defendant, Daniel Stevens, was operating the aforementioned defendant, National Railroad Passenger Corporation d/b/a AMTRAK 'S motor vehicle as defendant's agent, servant and/or employee acting in the scope of their agency.

8. The aforesaid motor vehicle collision was caused by the Defendant negligently and/or carelessly, operating his/her vehicle in such a manner so as to strike Plaintiff's vehicle.

Case ID: 221202574

9. As a direct and proximate result of the joint and/or several and/or direct or vicarious negligence and/or carelessness of the Defendants, Plaintiff has sustained serious permanent personal injuries and damages.

10. As a result of the incident, Plaintiffs suffered severe and permanent injuries including, left shoulder and back, as set forth more fully below.

**COUNT I**
**Dionna Brooks v. Daniel Stevens**
**Personal Injury—Negligence**

11. Plaintiff incorporate by reference herein the allegations set forth in the aforementioned paragraphs of this Complaint, inclusive, as if set forth herein at length.

12. The negligence and/or carelessness of Defendant, which was the direct and sole cause of the aforesaid motor vehicle collision and the resultant injuries and damages suffered by the Plaintiff, consisted of, but is not limited to, the following:

  a. Striking Plaintiff's vehicle while attempting a wide right turn;

  b. Operating his/her vehicle into Plaintiff's lane of travel;

  c. Failing to maintain proper distance between vehicles;

  d. Operating his/her vehicle in a negligent and/or careless manner so as to strike Plaintiff's vehicle without regard for the rights or safety of Plaintiff or others;

  e. Failing to have his/her vehicle under proper and adequate control;

  f. Operating his/her vehicle at a dangerous and excessive rate of speed under the circumstances;

  g. Violation of the assured clear distance rule;

  h. Failure to keep a proper lookout;

Case ID: 221202574

i. Failure to apply brakes earlier to stop the vehicle without striking the Plaintiff or Plaintiff's vehicle;

j. Being inattentive to his/her duties as an operator of a motor vehicle;

k. Disregarding traffic lanes, patterns, and other devices;

l. Driving at a dangerously high rate of speed for conditions;

m. Failing to remain continually alert while operating said vehicle;

n. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

o. Failing to give Plaintiff meaningful warning signs concerning the impending collision;

p. Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

q. Operating said vehicle with disregard for the rights of Plaintiff, even though Defendant was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to Plaintiff;

r. Continuing to operate the vehicle in a direction towards the Plaintiff's vehicle when Defendant saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

s. Driving too fast for conditions;

t. Violating the Pennsylvania Vehicle Code;

u. Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania, pertaining to the operation and control of motor vehicles.

13. As a direct and consequential result of the negligent and/or careless conduct of the Defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions and others ills and injuries including, left shoulder and back, all to Plaintiff's great loss and detriment.

14. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff0s' great financial detriment and loss, Plaintiff has in the past, are presently, and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

15. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

16. As a direct result of the negligent and/or careless conduct of the Defendant, Plaintiff suffered damage to Plaintiff's personal property, including a motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

17. As a further result of Plaintiff's injuries, they have in the past, are presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

18. Furthermore, in addition to all the injuries and losses suffered, the Plaintiff has incurred or will incur medical, rehabilitative and other related expenses in an amount equal to or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. Section 1701 et. seq. as amended.

WHEREFORE, Plaintiff, Dionna Brooks, pray for judgment in their favor and against Defendant, Daniel Stevens, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems just.

## COUNT II
### Dionna Brooks v. National Railroad Passenger Corporation d/b/a AMTRAK
### Negligent Entrustment

19. Plaintiff incorporate the foregoing paragraphs of this Complaint as if set forth fully at length herein.

20. The negligence and/or carelessness of Defendant, National Railroad Passenger Corporation d/b/a AMTRAK, which was a proximate cause of the aforesaid motor vehicle collision and the resultant injuries and damages sustained by the Plaintiff, consists of, but is not limited to, the following:

    a. Permitting Defendant, Daniel Stevens to operate the motor vehicle without first ascertaining whether or not he was capable of properly operating said vehicle;

    b. Permitting Defendant, Daniel Stevens, to operate the motor vehicle when Defendant, National Railroad Passenger Corporation d/b/a AMTRAK, knew, or in the exercise of due care and diligence, should have known that Defendant, Daniel Stevens, was capable of committing the acts of negligence set forth above;

    c. Failing to warn those persons, including the Plaintiff, that Defendant, National Railroad Passenger Corporation d/b/a AMTRAK, knew, or in the existence of due care and diligence should have known, that the Plaintiff would be exposed to Defendant, Daniel Stevens'S negligent operation of the motor vehicle.

21. As a direct result of the negligent and/or careless conduct of Defendant, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function,

permanent serious disfigurement, aggravation of certain injuries and/or other ills and injuries including, left shoulder and back, all to Plaintiff's great loss and detriment.

22. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, are presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

23. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

24. As a direct result of the negligent and/or careless conduct of the Defendant, Plaintiff suffered damage to Plaintiff's personal property, including a motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

25. As a further result of Plaintiff's injuries, Plaintiff has in the past, are presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

26. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff have also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he/she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Dionna Brooks, pray for judgment in their favor and against Defendant, National Railroad Passenger Corporation d/b/a AMTRAK , in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

## COUNT III
### Dionna Brooks v. National Railroad Passenger Corporation d/b/a AMTRAK
### Respondeat Superior

27. Plaintiff incorporates the foregoing paragraphs of this Complaint as if fully set forth at length herein.

28. The negligence and/or carelessness of Defendant, itself and through its agent, the driver of the motor vehicle, acting at all times relevant hereto within the scope of the agency, which was the direct and proximate cause of the incident and the injuries and damages sustained by the Plaintiff consist of, but is not limited to:

   a. Striking Plaintiff's vehicle while attempting a wide right turn;

   b. Operating his/her vehicle into Plaintiff's lane of travel;

   c. Failing to maintain proper distance between vehicles;

   d. Operating his/her vehicle in a negligent and/or careless manner so as to strike Plaintiff's vehicle without regard for the rights or safety of Plaintiff or others;

   e. Failing to have his/her vehicle under proper and adequate control;

   f. Operating his/her vehicle at a dangerous and excessive rate of speed under the circumstances;

   g. Violation of the assured clear distance rule;

   h. Failure to keep a proper lookout;

   i. Failure to apply brakes earlier to stop the vehicle without striking the Plaintiff or Plaintiff's vehicle;

   j. Being inattentive to his/her duties as an operator of a motor vehicle;

   k. Disregarding traffic lanes, patterns, and other devices;

   l. Driving at a dangerously high rate of speed for conditions;

   m. Failing to remain continually alert while operating said vehicle;

n. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

o. Failing to give Plaintiff meaningful warning signs concerning the impending collision;

p. Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

q. Operating said vehicle with disregard for the rights of Plaintiff, even though Defendant was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to Plaintiff;

r. Continuing to operate the vehicle in a direction towards the Plaintiff's vehicle when Defendant saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

s. Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania, pertaining to the operation and control of motor vehicles.

29. As a direct result of the negligent and/or careless, conduct of Defendant, Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function, permanent serious disfigurement, and/or aggravation of certain injuries including left shoulder and back, all to Plaintiff's great loss and detriment.

30. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

31. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries along with the physical injuries suffered.

32. As a direct result of the negligent and/or careless conduct of the Defendant, Plaintiff suffered damage to Plaintiff's personal property, including a motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

33. As a further result of the injuries sustained, Plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

34. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff have also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he/she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Dionna Brooks, demand judgment in Plaintiff's favor and against Defendant, National Railroad Passenger Corporation d/b/a AMTRAK, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

SIMON & SIMON, P.C.

BY: _____/s_____
Marc I. Simon, Esquire
Simon & Simon, P.C.
18 Campus Blvd., Suite 100
Newtown Square, PA 19073
215-467-4666
*Attorney for Plaintiff*

Case ID: 221202574

## VERIFICATION

I, Marc Simon, hereby state that I am attorney for the Plaintiff in the within action and that the facts set forth in this Civil Action Complaint above are true and correct to the best of my knowledge, information and belief.

I understand that the statements in this Verification are made subject to the penalties of 18 U.S.C.A. § 1001 relating to unsworn falsification to authorities.

_____
Marc I. Simon

Case ID: 221202574

## VERIFICATION

I am the Plaintiff this action, and I hereby state that the facts set forth in the foregoing pleading are true and correct to the best of my knowledge, information and belief. I understand that this Verification is subject to 18 Pa.C.S. § 4904 providing for criminal penalties for unsworn falsification to authorities.

DocuSigned by:
_____
CF22822C86284BE...

Case ID: 221202574